# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGARET C. JENKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO:   09-3033** |
| **THE CITY OF WESTWEGO, et al.** | **SECTION: "C" (5)** |

## <u>ORDER AND REASONS</u>[1]

Before the Court are the following motions to dismiss filed by defendants: 1) plaintiff's claim of abuse of rights (Rec. Doc. 15); 2) plaintiff's privileges and immunities claim and federal and state due process claims (Rec. Doc. 16); 3) plaintiff's claims against the City of Westwego's Council Members (Rec. Doc. 17); 4) plaintiff's state law claims against the City of Westwego and Mayor Daniel Alario (Rec. Doc. 18); 5) plaintiff's state law claims against Joel A. Levy (Rec. Doc. 19); 6) all official capacity claims (Rec. Doc. 22); 7) plaintiff's punitive damages claim against the City of Westwego and individual city defendants in their official capacities (Rec. Doc. 23); and 8) plaintiff's claims against defendant Blaine M. Hebert (Rec. Doc. 56.) Plaintiff opposes the motions. Based on the memoranda by parties, the record in this case and the applicable law, the Court grants in part and denies in part the above motions for the following reasons.

---

[1] Anna Elsohn Levin, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this opinion.

# I. <u>BACKGROUND</u>

The Plaintiff, Margaret C. Jenkins, originally filed suit in the Eastern District of Louisiana alleging that her moveable and immovable property was wrongfully taken from her without notice, pursuant to a condemnation by the City of Westwego, Louisiana. (Rec. Doc. 1 at 2.) She claims that under federal law she was deprived of due process, privileges and immunities, and civil rights and that under state law she was deprived of procedural due process, and was the victim of torts including legal malpractice and conversion. (*Id.*) Plaintiff seeks to recover for loss of property and personal injuries. (*Id.*)

The Plaintiff claims she owned property located at 548 Avenue D in Westwego, Louisiana. (Rec. Doc. 1 at 4.) She relocated from Louisiana to Mobile, Alabama in 1996 and although her property remained vacant, she claims she kept her moveable property in the house. (*Id*. at 5.) Plaintiff claims the City of Westwego knew that she was residing in Mobile, Alabama, evidenced by previous mailings to her Alabama address, including her annual tax bills. (*Id.*) Plaintiff alleges that in 2008, the City Defendants decided to demolish the Property, and thus commenced condemnation proceedings. (*Id*. at 6.) The City Defendants set a condemnation hearing, though the Plaintiff alleges that rather than notifying her of the hearing date, they disregarded knowledge of her new address and chose to treat her as a "whereabouts-unknown absentee." (*Id*. at 7.) Plaintiff claims the ordinance of the City of Westwego affords different treatment to out of state residents than it does to residents of Louisiana by providing that "lesser

notice requirements are due to Alabama citizens than Louisiana citizens," (Rec. Doc. 1 at 9) and that it therefore violates the Privileges and Immunities clause of the U.S. Constitution.

The City Defendants appointed Blaine M. Hebert as an attorney ad hoc to represent the Plaintiff after sending notice via certified mail to her property in Westwego. (*Id*.) The notice of condemnation hearing stated Plaintiff was to appear in Westwego at City Hall on May 12, 2008, to show cause why the Property should not be condemned. (*Id*.) The Plaintiff claims she did not receive notice that the Property was in condemnation proceedings. (*Id*.) On May 12, 2008, the City Defendants and Mr. Hebert convened the condemnation hearing without Plaintiff's participation. (*Id*.) After the hearing, the City Council ordered that the Plaintiff demolish the property within 30 days or the City would do so and assess costs against the property and against the Plaintiff. (*Id*. at 7-8.) On July 3, 2008, the City demolished the Property. (*Id*. at 8.) The Plaintiff claims she never received a copy of the condemnation order or notice of the condemnation proceedings. (*Id*.)

## II. LAW AND ANALYSIS

Defendants seek dismissal of plaintiff's various claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When a defendant files a Rule 12(b)(6) motion, the "plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). The purpose of a motion to dismiss under 12(b)(6) is to "assess the legal feasibility of

[the] complaint, not to weigh evidence which plaintiff offers or intends to offer." *Citibank, N.A. v. K-H Corp.*, 745 F.Supp. 899 (S.D.N.Y. 1990). A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Additionally, "factual allegations must be enough to raise a right to relief above the speculative level" *Id.* (Citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004))("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

### 1) Abuse of Rights (Rec. Doc. 15)

Under Louisiana law,

> the abuse of rights doctrine applies only when one of the following conditions are met: 1) the predominant motive for exercise of the right is to cause harm; (2) there is no serious or legitimate motive for exercise of the right; (3) the exercise of the right violates moral rules, good faith, or elementary fairness; or (4) the exercise of the right is for a purpose other than that for which it was granted.

*Wagner v. Fairway Villas Condominium Associates, Inc.*, 813 So.2d 512, 518 (La.App. 3 Cir. 2002)(citing *Massachusetts Mut. Life Ins. Co. v. Nails*, 549 So.2d 826 (La.1989). Plaintiff alleges that when her property was condemned and demolished without actual notice to her, when her current address was known to defendants, defendants acted contrary to "moral rules, good faith, or elementary fairness." (Rec. Doc. 1 at ¶ 92). Indeed, plaintiff alleges defendants

actions were willful, wanton, in reckless disregard of her rights. (*Id*. at ¶ 58, 63, 92).

Defendants' arguments based on the facts of this case are simply inapposite at this stage in the proceedings. Accordingly, defendants' motion to dismiss plaintiff's claim of abuse of rights is DENIED.

**2) Privileges and Immunities / Federal and State Due process Claims (Rec. Doc. 16);**

A) Privileges and Immunities

Defendant argues that Plaintiff's Privileges and Immunities Claim should be dismissed because her cause of action is actually an alleged unconstitutional "taking," under the Fifth Amendment, citing *John Corp. v. City of Houston*, 214 F.3d 573, 574 (5th Cir. 2000). (Rec. Doc. 16-3 at 3.) Defendants cite plaintiff's complaint, which references plaintiff was "deprived of the Property" and demands recovery of all damages "proximately caused by the deprivation of her constitutional rights–... loss of immoveable property..." (Rec. Doc. 16-3 at 4) (citing Rec. Doc. 1 at ¶¶ 52, 52).

As an initial matter, plaintiff has sufficiently alleged a Privileges and Immunities claim. A Privileges and Immunities claim is designed to challenge the different treatment afforded to citizens of different states under the same law. A Privileges and Immunities claim "requires proof (1) whether the interest or right being burdened is 'fundamental' and thus, protected by the Clause and (2) if it is, whether there are 'substantial' reasons for the discrimination and 'whether the degree of discrimination bears a close relation to them.'" *Salem Blue Collar Workers Ass'n v.*

*City of Salem*, 33 F.3d 265 (3rd Cir. 1994). Plaintiff's right "to take, hold and dispose of property either real or personal" has long been recognized by the courts as a "fundamental right" to be protected. *See e.g., Supreme Court of N.H. v. Piper*, 470 U.S. 274, 105 S.Ct. 1272, 84 L.Ed.2d 205 (1985). Second, the "substantial" reason for the discrimination, as alleged by plaintiff, was the fact that she was "absent from the state" at the time of the condemnation hearing. (Rec. Doc. 1 at 9.) Sec. 11:52 of the City of Westwego's ordinances provides that "if the owner of the building or structure is absent from the state [...] then the notice shall be served upon the occupant of the condemned building or structure and also upon any attorney at law appointed by the mayor to represent the absentee." Ord. No. 669, § 3, 11-14-66. The degree of discrimination bears a close relationship to the reason for the discrimination because if an individual is in the state, he or she can be easily contacted regarding the property and will not be discriminated against. If an individual is absent from the state, however, plaintiff alleges he or she is subject to discrimination because of the lesser notice requirements.

Defendant argues, however, that even if Plaintiff has stated a valid Privileges and Immunities claim, that it should be dismissed because it is actually a Takings claim in disguise citing *John Corp. v. City of Houston*, 214 F.3d 573 (5th Cir. 2000). Defendant construes *John Corp*'s holding too broadly. *John Corp*. specifically recognized that other constitutional claims were not pre-empted by a potential takings claim, so long as the other claims assert rights not protected by the Takings Clause. *Id*. at 583; *see also Simi Investment Company, Inc. v. Harris County, Texas*, 236 F.3d 240 (5th Cir. 2000)(applying *John Corp*. to recognize possibility of

simultaneous substantive due process claim and takings claim). A Privileges and Immunities claim advances different interests and rights than those protected by the Taking Clause, accordingly, the Court denies defendants' motion as to plaintiff's Privileges and Immunities claim.

### B) Federal and State Due Process Claims

Defendants argue that Plaintiff's federal procedural due process claim against the city defendants should be dismissed because the actions at issue are "legislative," relying on *Toga Society, Inc. v. Normand*, 323 F. Supp. 2d 779 (E.D.La. 2004)(Rec. Doc. 16-3 at 7.) In *Toga*, the court explained that "the dispositive inquiry with respect to a <u>procedural</u> due process claim is whether the ordinance was a legislative or an administrative action." "[O]nce an action is characterized as legislative, procedural due process requirements do not apply." *Id*. (citing *Jackson Court Condominiums, Inc. v. City of New Orleans*, 874 F.2d 1070 (5th Cir. 1989). The legislative process is deemed to have satisfied procedural due process concerns. *Id*. Whether or not an act may be considered legislative or administrative is a factual allegation. It is sufficient at this juncture to note that Louisiana courts have not applied a *per se* rule that condemnation of a particular property constitutes legislative or administrative action. *See New Orleans Redevelopment Authority v. Johnson*, 2009 WL 2005142, 7 (La.App. 4 Cir. 2009)(finding condemnation determination administrative based on the specific facts presented); *see also Tafaro's Inv. Co. v. Division of Housing Imp.*, 261 La. 183, 259 So.2d 57 (1972)(discussing difference between administrative/quasi-judicial findings, including weighing the public interest,

and legislative actions). Plaintiff has alleged an enforcement action against her singular property. (Rec. Doc. 1 at ¶ 27-37.) Although the decision in the instant case appears to have been made by legislators, the Court finds that plaintiff has sufficiently alleged that the legislators acted in an administrative capacity and therefore immunity does not attach at this juncture.

Alternatively, defendants claim plaintiff's procedural due process claim should be dismissed because her takings claim is unripe. (Rec. Doc. 16-3 at 10-11.) The Court agrees that under *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172 (1985) plaintiff's takings claim is unripe because she has not yet sought - and been denied - compensation for the loss of her property using available state remedies. *Id*. at 194-195. *Williamson*, however, does not compel the conclusion that plaintiff's procedural due process claim should also be dismissed. In fact, *Williamson* specifically notes the differences between due process claims and takings claims, such that pre-deprivation process may be required for the former but not for the latter so long as compensation is just. *Id*. at 195 n. 14. Whether or not plaintiff was deprived of a meaningful opportunity to assert her constitutional right to hold and dispose of property is factually distinguishable from whether or not she was adequately compensated for loss of that property.

Defendants also argue that plaintiff's substantive due process claim should be dismissed under *Toga*. As discussed *supra*, the Court finds this argument foreclosed by *John Corp.*, which explicitly recognized that a substantive due process claim is not automatically subsumed by a takings claim.

Defendants rely on the same arguments to support dismissal of plaintiff's state due process claim. As this Court finds that plaintiff's federal claims survive defendants' motion to dismiss, it is unnecessary to address defendants' corollary argument that plaintiff's state due process claims must also be dismissed. Defendants' motion is DENIED.


**3) City of Westwego's Council Members (Rec. Doc. 17);**

Defendants seek immunity for the City of Westwego's council members because they allege defendants were acting within their "legitimate legislative sphere" and therefore absolutely immune. Plaintiff opposes, arguing that the council members were acting in an administrative capacity and therefore immunity does not attach. While local legislators are afforded absolute immunity, not every action taken by a legislator is protected. *See e.g.*, *Craig v. Police Jury Parish*, 265 Fed.Appx. 185, 190 (5th Cir. 2008)(describing governing standard for determining whether or not an action may be considered legislative). Whether or not an act is considered legislative, and thus immune from suit, turns on the "nature of the facts used to reach the given decision," and then "focuses on the particularity of the impact of the state of action." *Id.* (internal citations omitted). Plaintiff has alleged an enforcement action against her singular property. (Rec. Doc. 1 at ¶ 27-37.) Plaintiff has sufficiently alleged that the legislators acted in an administrative capacity and therefore immunity does not attach at this juncture. Defendants' motion is DENIED.

**4) State Law Claims against the City of Westwego and Mayor Alario (Rec. Doc. 18);**

Defendants seek dismissal of plaintiff's state law claims against the City of Westwego and Mayor Daniel Alario pursuant to La. R.S. 33:4765.  There are at least two factual pre-conditions to the provision of immunity under that provision, namely an owner "fails or refuses to comply with the decision of the governing authority" and notice is served upon a duly appointed attorney to represent the absentee owner.  Plaintiff has alleged that the first pre-condition is not met.  Taking the facts as alleged as true, defendants' motion to dismiss pursuant to immunity under La. R.S. 33:4765 is DENIED.


**5) State Law Claims against Joel A. Levy (Rec. Doc. 19);**

Defendant Joel Levy claims that plaintiff's claims for intentionally tortious conduct, collusion and breach of professional obligations against him for his role as the city's attorney is barred under *Montsalvo v. Sondes*, 637 So. 2d 127 (1994).  The Louisiana Supreme Court has held that only rarely may a non-client maintain a claim for breach of professional obligations or legal malpractice against an attorney because allowing such actions would create a chilling effect on an attorney's zealous representation of their client.  *Id*.  Only when an action is "intentionally tortious," i.e. specific malice or intent to harm is alleged or shown, can a plaintiff maintain an action against an attorney for breach of professional obligations or legal malpractice.  Plaintiff fails to allege that Joel Levy maintained any specific malice or intent to harm her in particular

and therefore can not maintain her action against him as alleged in Court V of her complaint.[2]

Count V of the complaint must be DISMISSED.

## 6) Official Capacity Claims (Rec. Doc. 22);

Defendants claim that plaintiff's claims against individual city defendants in their official capacity and against the City of Westwego are duplicative and therefore the official capacity claims should be dismissed. Plaintiff opposes arguing she is entitled to plead in the alternative and defendant's motion is premature and requires additional discovery to determine the proper parties to this suit. The Fifth Circuit has affirmed the dismissal of official capacity claims on a 12(b)(6) motion because they are duplicative of claims against the governmental entity. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001.) Accordingly, this Court finds that plaintiff's claims against the individual city defendants in their official capacity must be DISMISSED to the extent they duplicate claims against the City of Westwego.

## 7) Punitive Damages against the City of Westwego (Rec. Doc. 23);

Defendants seek dismissal of plaintiff's claim for punitive damages against City of Westwego.[3] Plaintiff concedes, and the Court agrees, that such damages are not allowed against

---

[2] Defendant asserts, but fails to brief, that all claims, not just those in Court V, should be dismissed. As such, the Court's decision only reaches the claims asserted under Count V against Levy.

[3] The Court does not address defendant's other argument seeking dismissal of the punitive damages claim against the individual city defendants in their official capacities since the Court dismisses those claims. (See discussion supra II.6)

governmental entities.  *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981.)  Accordingly, plaintiff's claim for punitive damages against the City of Westwego is DISMISSED.


**8) Blaine M. Hebert (Rec. Doc. 56.)**

Defendant Blaine Hebert seeks dismissal of plaintiff's claim of legal malpractice against him asserting that Hebert never had an attorney-client relationship with plaintiff.  Although Hebert in effect adopts the motion and memorandum of Joel Levy, the Court finds that the factual circumstances differ substantially between the two attorneys.  Hebert was appointed as attorney ad hoc pursuant to the condemnation ordinances to "represent the absentee."  *See* La. R.S. 33:4767.  The Louisiana Code of Civil Procedure imposes a duty upon an attorney appointed to represent a non-resident to "use reasonable diligence to communicate with the defendant."  La. C. Civ. P. Art. 5094.  Plaintiff alleges defendant Hebert did not fulfill his duties and therefore is liable for malpractice.  (Rec. Doc. 1 at Court IV.)  Defendant's motion is DENIED.

## III. <u>CONCLUSION</u>

Accordingly,

IT IS ORDERED that the following motions are DENIED: 1) plaintiff's claim of abuse of rights (Rec. Doc. 15); 2) plaintiff's privileges and immunities claim and federal and state due process claims (Rec. Doc. 16); 3) plaintiff's claims against the City of Westwego's Council

Members (Rec. Doc. 17); 4) plaintiff's state law claims against the City of Westwego and Mayor Daniel Alario (Rec. Doc. 18); and 8) plaintiff's claims against defendant Blaine M. Hebert (Rec. Doc. 56.)

IT IS ALSO ORDERED that defendant Joel Levy's motion to dismiss plaintiff's state law claims against Joel A. Levy (Rec. Doc. 19) is GRANTED IN PART as to plaintiff's claims in Court V of her Complaint.

IT IS ALSO ORDERED that defendants' motion to dismiss plaintiff's claims against individual city defendants in their official capacity (Rec. Doc. 22) is GRANTED to the extent the claims duplicate plaintiff's claims against the City of Westwego.

IT IS ALSO ORDERED defendants' motion to dismiss plaintiff's punitive damages claim against the City of Westwego and individual city defendants in their official capacities (Rec. Doc. 23) is GRANTED IN PART as to the City of Westwego and DEEMED MOOT as to individual city defendants.

New Orleans, Louisiana, this 21st day of September, 2009.


**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**